```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION and
WELFARE FUNDS,
                                          MEMORANDUM & ORDER
                    Plaintiffs,          13-CV-0040(JS)(WDW)

          -against-

TOWN & COUNTRY WOOD FLOORING LLC,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Charles R. Virginia, Esq.
                    Richard B. Epstein, Esq.
                    Virginia & Ambinder, LLP
                    111 Broadway, Suite 1403
                    New York, NY 10006

For Defendant:      No appearances.
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge William D. Wall's Report and Recommendation ("R&R"), issued on August 13, 2013. For the following reasons, the Court ADOPTS this R&R in its entirety.

## BACKGROUND

Plaintiffs, the Trustees of the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Plaintiffs"), commenced this action on January 1, 2013, seeking confirmation of an arbitration award pursuant to Section 9 of the United States Arbitration Act, 9 U.S.C. § 9,

Section 301(a) of the Labor Management Relations Act, and 29 U.S.C. § 185(a), against Town and Country Wood Flooring LLC ("Defendant"). Defendant did not answer the Complaint[1] or otherwise appear in this action. Plaintiffs moved for an entry of default on February 11, 2013 (Docket Entry 5), and the Clerk of the Court noted Defendant's default that same day (Docket Entry 6). Then, on February 19, 2013, Plaintiffs filed a motion for default judgment (Docket Entry 7), which the Court referred to Judge Wall for an R&R on February 21, 2013 (Docket Entry 9).

Judge Wall issued his R&R on August 13, 2013, recommending that the motion be treated as an unopposed summary judgment motion, that the arbitrator's award be confirmed, and that Plaintiffs be awarded $17,973.58, broken down as follows: (1) $16,595.37, as provided for in the arbitration award and (2) $1,378.21 in attorneys' fees and costs. (Docket Entry 18.)

No party has objected to any portion of Judge Wall's R&R.

### DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court

---

[1] Judge Wall properly interpreted Plaintiffs' Complaint as a Petition to confirm an arbitration award. (See R&R 1-2 n.2.)

need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Wall's R&R. And the Court finds it to be correct, comprehensive, well-reasoned and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

## CONCLUSION

Judge Wall's R&R is ADOPTED in its entirety. The Court, construing Plaintiffs' motion for default judgment as an unopposed motion for summary judgment, GRANTS Plaintiffs' request for relief and awards Plaintiffs damages in the amount of $17,973.58.

The Clerk of the Court is directed to enter judgment consistent with this Memorandum and Order and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  September  9 , 2013
        Central Islip, NY